

# The Attorney General of Texas

September 22, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University System
Austin, Texas 78711

Opinion No. MW-244

Re: Whether an optional retirement program annuity contract may provide for incidental death benefits

Dear Mr. Ashworth:

You have submitted the following question for an Attorney General Opinion:

> May an annuity contract which provides for "incidental" death benefits (as defined by Internal Revenue Ruling 70-581, the 100 to 1 rule) qualify for the Optional Retirement Program as defined in section 51.352(6) of the Texas Education Code?

The Optional Retirement Program is established by section 51.353 of the Education Code. "Optional Retirement Program" is defined by section 51.352(6) as:

> the program under this Subchapter to provide fixed or variable retirement annuities which meet the requirements of Sections 403(b) and 401(g) of the Internal Revenue Code of 1954, as amended, and the benefits of such annuities are to be available only upon termination of employment in the Texas public institutions of higher education, retirement, death or total disability of the participating faculty member.

An annuity contract providing for "incidental" death benefits as defined by Revenue Ruling 70-581 is an annuity contract for purposes of section 403(b) of the Internal Revenue Code. Revenue Ruling 70-581 dealt with a contract which provided for a life annuity at age 65 and a death benefit if the person died before retirement equal to $1,000 for each $10 of expected monthly annuity. The life insurance protection was deemed incidental when the death benefit did not exceed the 100 to 1 ratio.

In our opinion, an annuity contract which provides for an incidental death benefit as defined by Revenue Ruling 70-581 qualifies for the Optional Retirement Program as defined by section 51.352(6). It meets the requirements of section 403(b) of the Internal Revenue Code. Section 401(g)

of the code defines "annuity" for the purposes of section 403 and other sections; therefore the annuity under consideration necessarily meets the requirements of section 401(g). The benefits of the annuity are available on retirement or death. Thus, we believe the annuity fulfills the requirements of section 51.352(6).

Attorney General Opinion M-595 (1970) construed an earlier version of section 51.352(b) as limited to retirement annuities and not including a life insurance feature. The predecessor of present section 51.352(6) read as follows:

'Optional Retirement Program' means the optional retire-ment program created by this Act to provide fixed or variable retirement annuties, including retirement unit annuity certificates of participaton for faculty members.

Acts 1967, 60th Leg., ch. 729, §2, at 1956. When Attorney General Opinion M-595 was issued, the definition of "Optional Retirement Program" did not refer to section 403(b) of the Internal Revenue Code. Nor did it state that annuity benefits might be available on the participant's death. We believe the 1973 amendments broadened the definition of "Optional Retirement Program" so that it can now include the incidental death benefit you inquire about. Acts 1973, 63d Leg., ch. 521, §1, at 1308. The construction of the term "Optional Retirement Program" given in Attorney General Opinion M-595 (1970) is not applicable to the amended definition.

## SUMMARY

An annuity contract which provides for incidental death benefits as defined in Internal Revenue Ruling 70-581 qualifies for the Optional Retirement Program as defined in section 51.352(6) of the Education Code.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Susan Garrison
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood